**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN W. SCOTT**

                                        **Plaintiff,**

        **-against-**                                        **07-CV-0221 (TJM)(RFT)**

**MARTIN HAND**

                                        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                        **DECISION & ORDER**

**I.      INTRODUCTION**

        Plaintiff received a jury verdict in his favor on February 16, 2010 awarding nominal

damages in the amount of $1 for his 42 U.S.C. §1983 claim.  Plaintiff now moves pursuant

to 42 U.S.C. §1988 to recover $30,013.00 in attorney's fees and costs.[1]  For the foregoing

reasons, Plaintiff's motion is granted as modified.

**II.     DISCUSSION**

        Under 42 U.S.C. §1988, the prevailing party may, at the discretion of the court, be

awarded "reasonable attorney's fee[s]."  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748,

758 (2d Cir. 1998) ("A Plaintiff who has prevailed in the litigation has established only his

_____

        [1]Plaintiff requests $813.00 in costs and $29,200 in attorney's fees.  The attorney's fees request is
calculated based upon a $400 per hour legal fee at 61 hours, and $200 per hour travel fee at 24 hours.
Sussman Aff. at 9-10.

                                        1

eligibility for, not his entitlement to, an award of fees.").

There is a two part test for determining whether a party is entitled to receive reasonable attorney's fees.  First, the party seeking attorney's fees must be the "prevailing party."  Farrar v. Hobby, 506 U.S. 103, 109 (1992).  A plaintiff who prevails on the merits of his case, even though he was awarded only nominal damages, is a "prevailing party" under 42 U.S.C. §1988. Id. at 112 ("We therefore hold that a Plaintiff who wins nominal damages is a prevailing party under §1988.").   Plaintiff is a "prevailing party."

Second, once a party proves he is the "prevailing party," he must then prove that his requested fee is "reasonable."  Pino v. Locascio, 101 F.3d 235, 237 (2d Cir. 1996); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988."  Farrar, 506 U.S. at 114; see also Pino, 101 F.3d at 238 ("[W]ith regard to the reasonableness prong, the Supreme Court stated that in some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all.  A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party.") (citations and internal quotations omitted).

When calculating a reasonable fee, the Court relies on the "presumptively reasonable fee" test derived from the "lodestar" calculation.  Simmon v. N. Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).  The "presumptively reasonable fee" test requires the Court "to bear in mind all of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Id. (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117 (2d Cir.

2

2007)).  The calculation required by the test "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain a presumptively reasonable fee award."  <u>Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC</u>, 497 F.3d 133, 141 (2d Cir. 2007) (citations omitted).

In considering the reasonableness of the hourly rate requested by the prevailing party,  the Court is presumed to "use [] the hourly rates employed by the district in which the reviewing court sits."  <u>Arbor Hill Concerned Citizens</u>, 493 F.3d at 120  (citing <u>In re Agent Orange Products Liability Litigation</u>, 818 F.2d 226, 232 (2d Cir. 1987)).  However, the Court may apply an "out-of-district rate" over this presumption if it is clear "that a reasonable, paying client would have paid those higher rates." <u>Simmons.</u>, 575 F.3d at 174 (citations omitted).  When determining the actions of a reasonable, paying client, the court requires that "[t]he party seeking the award . . . make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result."  <u>Id.</u> at 176.

Here, although the Plaintiff makes a particularized showing of his attorney's extensive background, <u>see</u> Sussman Aff.  at pp. 5-7, he fails to make a particularized showing that the use of in-district counsel would have produced a "substantially inferior result."  The case was a relatively simple and straightforward First Amendment retaliation claim.  While Plaintiff's counsel did a fine job in presenting the facts to the jury and arguing the legal issues to the Court, there is no basis to conclude that experienced, in-district counsel would have produced inferior results.  Therefore, Plaintiff has failed to overcome the presumption in favor of the use of in-district attorney's fee rates.

The Court finds the prevailing in-district hourly rate for experienced counsel to be $275 per hour, with the hourly rate for travel time to be one-half of this rate.  See Price v. New York State Bd. of Elections, 2009 WL 4730698, at *3 (N.D.N.Y. Dec. 4, 2009); Martinez v. Thompson, 2008 WL 5157395, at *17 (N.D.N.Y. Dec. 8, 2008); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 419 F. Supp.2d 206, 211 (courts traditionally use one-half of hourly rates for time spent traveling).  Accordingly, the Court will apply a reasonable in-district per hourly rate of $275, and $137.50 per hour for time spent traveling.

In determining the reasonable hours to be awarded, the Court is generally guided by a number of factors, see Arbor Hill Concerned Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 186 n.3 (2d Cir. 2008),[2] the consideration of which may lead the Court, in its discretion, "to adjust the fee upward or downward."  Hensley v. Eckerhart, 461 U.S. at 434 (1983).  The "degree of success obtained" is "the most important factor" in determining the reasonableness of the requested attorney's fee award.  Farrar, 506 U.S. at 114; see also Hensley, 461 U.S. at 436-37 ("The district court . . . may simply reduce the award to account for the limited

---

[2]These factors are :

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill Concerned Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citing Johnson v. Ga. Highway Express, Inc. 488 F.2d 714, 717-19 (5th Cir. 1974)).

success.  The court necessarily has discretion in making this equitable judgment.").

Where a "prevailing party" has obtained a nominal damage award,

> [c]ourts in this Circuit often apply the three-part test developed by Justice O'Connor in her concurring opinion in Farrar to determine whether a prevailing plaintiff's recovery was *de minimis*, such that low attorney's fees or no attorney's fees should be awarded. See, e.g., Sclant v. Victor Belata Belting Co., No. 94-CV-0915E(Sc), 2001 U.S. Dist. LEXIS 16539, at *9 (W.D.N.Y. Oct. 2, 2001); Sowemimo v. D.A.O.R. Security, Inc., No. 97 CIV. 1083 RLC, 2000 WL 890229, at *9 (S.D.N.Y. June 30, 2000); Adams v. Rivera, 13 F.Supp.2d 550, 552 (S.D.N.Y.1998); Haywood v. Koehler, 885 F. Supp. 624, 629 (S.D.N.Y.1995). The three factors articulated by Justice O'Connor are (1) whether there is "a substantial difference between the judgment recovered and the recovery sought," (2) "the significance of the legal issue on which the plaintiff claims to have prevailed," and (3) whether the plaintiff "accomplished some public goal other than occupying the time and energy of counsel, court, and client." Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring).

Millea v. Metro-North R. Co., 2010 WL 126186, at *5 (D. Conn. Jan. 8, 2010).

In this case, Plaintiff sought compensatory and punitive damages from Defendant, but received only nominal damages.  See Complaint at p. 4.  Thus, there is a substantial difference between the judgment recovered and the recovery sought.  Further, while Plaintiff did prevail on a claim that vindicated his First Amendment right to free speech, and while the vindication of such a right always serves to promote the public's interest in protecting those rights, the suit did not accomplish a broader public goal or have overt significance beyond the relationship between the parties to this action.  Thus, the second and third factors set forth by Justice O'Connor in Farrar weigh in favor of diminishing the attorney's fees to be awarded in this action.

When viewed in light of the nominal result obtained and the uncomplicated nature of the litigation, the Court finds reason to adjust the reasonable attorney's fees to be

awarded downward by 66%.  This results in an attorney's fee award of $6,534.00.[3]

The Court finds the sought-after costs of  $813.00 are reasonable.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for costs and attorney's fees [dkt. # 42]

is **GRANTED IN PART** as follows:

Defendant shall pay Plaintiff $6,534.00 in attorney's fees; and

Defendant shall pay Plaintiff $813.00 in costs.


**IT IS SO ORDERED**

DATED:April 14, 2010



Thomas J. McAvoy
Senior, U.S. District Judge

---

[3]    60 hrs x $275.00 = $16,500 x .33 = **$5,445.00**.

24 (travel) hrs. x $137.50 = $3,300.00 x .33 =  **$1,089.00**.

**Total**                                    = **$6,534.00**